Judge Coaltee,
delivered the opinion of the Court. *
The Court is of opinion, that although it is not very formally or explicitly set out, yet the declaration in this case must be considered as substantially charging an undertaking by the plaintiff in error, for a debt about to be contracted by Leroy Anderson, through his agent, Samuel Foster; and, that although the letter missive, set out in the declaration, might bear the construction contended for, to wit: that the credit was given to Samuel Foster individually, yet that being matter oí parol, was susceptible of explanation by evidence, so as to verify the charge in the declaration. The Court is more inclined to this construction, because neither in the bill of exceptions, nor in the point reserved for the opinion of the Court, does it at all appear, but rather the reverse, that the defendants in error sought to charge the plaintiff with a contract by An *461 derson, when the credit was in fact given to Foster on his own account. Nor can it well be supposed, that the plain-till'would have submitted, without opposition, or the Court have adjudged him liable, to the contract of one for whom lie never became bound. Had the declaration set out such a case, thereby showing, not an imperfect or defective cause of action, but one clearly bad, and which could not have been made good, as a just and lawful claim, by evidence on the trial, without proof of a cause of action not only variant from, but contradictory of, that stated in the declaration, then the question, (an important one indeed,) would have arisen, whether, since the late statute of Jeofails, judgment ought to be entered in such a case.
The Court is further of opinion, that the declaration would have been bad, on general demurrer, for want of an averment of notice of the quantity and value of the timber sold and delivered, and perhaps, also, for want of the averment of notice of a failure in Anderson to pay; because the plaintiff could not know, in the first case, what to pay, nor in the second, whether it was his duty to pay, without such information. But these must be considered, though omissions of matters of substance, necessary to he proved on the trial, as now cured by that statute. For, the Court is further of opinion, that the point reserved for the decision of the Court, does not withdraw these omissions from the operation of the statute. They must be considered, not only under that, as having been proved, but because the point reserved only alledges a failure to prove a demand on Anderson, and his refusal to pay.
The Court is further of opinion, that a demand of Anderson, and his refusal to pay, was not such matter of substance as must be proved on the trial: that Anderson, the debtor, was bound to seek his creditor and pay him; and that on his failure to do so, and notice thereof, and of the amount due, to his guarantee, nothing more was necessary in support the action against him,
*462 As to the exceptions, the Court is of opinion, that the statement or account, made out in writing by Foster, of the number and value of the trees cut, under his directions, set out *n bill of exceptions, was not lawful evidence to go to the jury, as proof of the facts contained in that statement.
The Court is therefore of opinion, that the Superior Court erred in permitting that paper to go in evidence to the jury. The judgment must be reversed, with costs, for this error, and the cause remanded for a new trial, in which such evidence is not to be admitted.

 The President, absent.